1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES J. HOFFMAN,                )
        #71124                     )
                                   )
            Plaintiff,             )    2:11-cv-00248-JCM-LRL
                                   )
vs.                                )
                                   )    **ORDER**
D. W. NEVINS, *et al.*,            )
                                   )
            Defendants.            )
_____/

17   Presently before the court is defendants Ted Nielson, Richard Liverani, and Francis Kim's
18   motion for summary judgment. (Doc. #11). On August 11, 2011, *pro se* plaintiff Charles Hoffman filed
19   a motion to extend time to file a response to the summary judgment motion. (Doc. #16). The court
20   granted Hoffman's motion and extended time to respond by 60 days; plaintiff was required to respond
21   on or before October 3, 2011. (Doc. #20). To date, Hoffman has not filed a response.

22   The suit arises out of an incident at High Desert State Prison on January 8, 2010. Hoffman was
23   being transported from Clark County Detention Center to High Desert State Prison along with thirteen
24   other inmates. When Hoffman arrived at the prison, he was ordered to stand with his hands and head
25   touching a wall in the intake hallway of the prison. Despite five direct orders from the officers to remain
26   facing the wall, Hoffman took his hands off the wall and turned towards the officers. Hoffman alleges

that he was the victim of excessive and unwarranted force in the ensuing scuffle. Hoffman suffered some "redness" to his upper and lower right eye, forehead, upper right chest, and upper mid back as a result of the altercation. The altercation did not cause broken skin, bone fracture, or joint dislocation. Additionally, Hoffman claims that his due process rights were violated in a subsequent disciplinary hearing on the matter.

**Legal Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv.*, *Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 317, 324; FED. R. CIV. P. 56(c).

Pursuant to Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the court will not automatically grant every unopposed motion. As the Ninth Circuit stated in *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003), a district court cannot grant a motion for summary judgment merely based on the fact that the opposing party failed to file an opposition. The court in

1  *Martinez* held that the failure to oppose the motion does "not excuse the moving party's affirmative duty
2  under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Id.*

**Discussion**

Defendants assert three separate arguments in their motion for summary judgment. Defendants argue: (1) there was no Eighth Amendment violation; (2) plaintiff was not deprived of any procedural due process rights during the disciplinary hearing; and (3) defendants are protected by qualified immunity. (Doc. #11).

**I.    Eighth Amendment Violation**

Defendants assert that Hoffman's Eighth Amendment claim fails as a matter of law. According to defendants, defendant Nielson used force on Hoffman because he was justifiably concerned for his safety as well as that of other officers and inmates in the high-traffic intake hallway. The amount of force used was not excessive, and it was not inflicted in a malicious or sadistic manner. (Doc. #11).

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citations omitted). To prove an Eighth Amendment violation occurred during the undertaking of a prison security measure, the test is whether force was applied "maliciously and sadistically for the very purpose of causing harm." *Robins v. Meecham*, 60 F.3d 1436, 1440 (9th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)) (emphasis omitted).

In this case, Hoffman's Eighth Amendment claim does not survive defendants' summary judgment motion. Nothing before the court indicates that defendants' actions involved the "unnecessary and wanton infliction of pain," *Whitley*, 475 U.S. 319, applied "maliciously and sadistically for the very purpose of causing harm." *Robins*, 60 F.3d at 1440. While Hoffman's allegations are no doubt serious, they do not rise to the level of an Eighth Amendment violation.

Defendants have adequately met their burden by both informing the court of the basis for their motion and by presenting the court with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Thus, Hoffman was required to "go beyond the

pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Id.* Hoffman has failed to respond in any manner.

## II. Due Process Violation

Defendants also argue that Hoffman's Fourteenth Amendment procedural due process claim fails as a matter of law. According to defendants, defendant Liverani properly exercised his discretion to exclude Hoffman's proposed witness and the finding of guilt was supported by multiple sources of evidence.

Hoffman bases his due process claim on Liverani's refusal to permit a particular witness to testify at Hoffman's disciplinary hearing on the incident. Hoffman also alleges that this disciplinary hearing was cited as one reason why he was subsequently denied parole.

Due process rights apply to incarcerated individuals, but these rights "may be diminished by the needs and exigencies of the institutional environment." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Further, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. An inmate is allowed to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. *Id.* Finally, a reviewing court "should not be too ready to exercise oversight and put aside the judgment of prison administrators." *Id.*

Similar to Hoffman's Eighth Amendment claim, defendants have informed the court of the basis for their motion and presented the court with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Hoffman has not responded to defendants' motion.

This court is reluctant to put aside the judgment of prison administrators and second guess Liverani's decision not to allow Hoffman's witness to testify. Hoffman's procedural due process claim does not survive defendants' summary judgment motion.

## III. Qualified Immunity

Perhaps most importantly, defendants argue that they are protected by the doctrine of qualified immunity. Qualified immunity applies "if the right asserted by the plaintiff was not 'clearly established'

or the officer could have reasonably believed his conduct was lawful." *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) (citing *Romero v. Kitsap County*, 931 F.2d 624 627 (9th Cir. 1991)). "A reasonable belief that the conduct was lawful is sufficient to secure qualified immunity." *Kulas v. Valdez*, 159 f.3d 453, 456 (9th Cir. 1998).

Under the facts of this case, defendants are entitled to qualified immunity. Hoffman has not established that the defendants violated a "clearly established statutory or constitutional right" of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**Conclusion**

Neither Hoffman's Eighth Amendment nor his procedural due process claims survive defendants' motion for summary judgment. Defendants have presented the court with sufficient evidence demonstrating that there is no genuine issue of material fact remaining for trial. Additionally, Hoffman has not responded to defendants' motion, even after being granted a 60-day extension to respond. *See* Local Rule 7-2(d).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Ted Nielson, Richard Liverani, and Francis Kim's motion for summary judgment (doc. #11) be, and the same hereby is, GRANTED.

DATED this 17th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE